UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAHMOOD AHSAN,
Booking No. 24733372,

Plaintiff,

vs.

OFFICE OF ASSIGNED COUNSEL, et al,

Defendants.

Case No.:  3:25-cv-1315-RBM-MSB

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [Doc. 2]; AND**

**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b) [Doc. 1]**

Plaintiff Mahmood Ahsan ("Plaintiff"), while detained at the San Diego Central Jail ("SDCJ") and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") (Doc. 1), along with a Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2).   Plaintiff alleges Defendants violated his due process rights by interfering with his legal mail, denying his "legitimate legal requests," and subjecting him to "inhumane" living conditions.  (Doc. 1 at 2–4.)  For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** his Complaint without prejudice.

1

3:25-cv-1315-RBM-MSB

## I.    **IFP MOTION**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency.  *See* 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the Court assesses an initial payment of 20% of: (a) the average monthly deposits in the account for the past six months; or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. §§ 1915(b)(1) & (4).  Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed.  *See* § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff provided a copy of his SDCJ trust account activity. (Doc. 2.)  During the six months prior to filing suit, Plaintiff had a total of $946.27 deposited to his account, but only $0.24 remained in his account at the time of filing.  (*See id.* at 4.)  Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.  However, because the initial partial filing fee assessed pursuant to 28 U.S.C. § 1915(b)(2) would exceed Plaintiff's available funds, the Court will collect no initial payment and instead **DIRECTS**

---

[1]  Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3:25-cv-1315-RBM-MSB

the San Diego County Sheriff's Department, and any correctional agency later having custody, to garnish the full $350 filing fee owed in this case from Plaintiff's trust account pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(a)(2). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (noting that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court therefore **ORDERS** the SDCJ, or any agency later having custody, to collect the full balance of the $350 filing fee owed in this case and forward payments to the Clerk of Court as provided by 28 U.S.C. § 1915(b)(2).

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(B)

### A.  Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure ("Rules") 8(a) and 12(b)(6) together require that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of

3

misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

Plaintiff's Complaint contains two sorts of claims seemingly against two separate groups of Defendants.  First, Plaintiff claims his "due process" rights were violated by the Office of Assigned Counsel ("OAC"), its Director F. Michael Garcia, Jackie Braden, a "legal support supervisor" at OAC, and William G. Trainor, an OAC "staff attorney." (Doc. 1 at 1–3.)  Specifically, Plaintiff claims the OAC "reads legal documents without permission," "possibly tampers with legal mail," and has "denie[d] [him] legitimate ancillary services without grounds or justification."  (*Id.* at 3.)  Second, Plaintiff claims the County of San Diego, San Diego County Sheriff Kelly Martinez, and unnamed members of Sheriff's Department "staff" "act[] unprofessionally," are "negligent," and engage in unspecified acts of "misconduct," verbal abuse, and unreasonable force.  (*Id.* at 4.) Plaintiff contends he has been "den[ied] meals due to mismanagement," and has been exposed to unsanitary conditions.  (*Id.*)[2]

---

[2]  Plaintiff also alleges the "San Diego Central Court" "hinders due process" and is "possibly corrupt," but does not name the Superior Court as Defendant.  (*See* Doc. 1 at 5.) Even if he had, "[Section] 1983 actions do not lie against a State."  *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) (citation omitted).  Superior courts in California are entitled to sovereign immunity under the Eleventh Amendment as arms or agencies of the state.  *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024).  "Read together, §§ 1915A(a) and (b) allow a court to dismiss *sua sponte* a prisoner complaint that 'seeks redress from [a government entity or officer or] employee of a governmental entity' on the grounds of immunity."  *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)), *as amended on reh'g* (Apr. 15, 2016)).

Plaintiff seeks more than $10 million in general and punitive damages as well as injunctive relief in the form of preventing Defendants from "hurting people by using corrupt procedures." (*Id.* at 7.)

### C. Conditions of Confinement

"[L]iability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, "[l]iability . . . arises only upon a showing of personal participation by the defendant" in the deprivation alleged. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)); *see King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (noting that "state officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights"). "A plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff] complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Alternatively, liability also may be imposed under § 1983 if the defendant sets into "motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987)). Section 1983, however, does not impose liability upon state or local officials for the acts of their subordinates under a respondent superior theory of liability. *See Iqbal*, 556 U.S. at 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Rather, a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent

3:25-cv-1315-RBM-MSB

them." *Taylor*, 880 F.2d at 1045.  Similarly, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

With respect to Plaintiff's challenge to "inhumane living conditions" at the SDCJ (*see* Doc 1 at 4), he fails to allege any of the individual Defendant's personal involvement. *See Conley v. Nielsen,* 706 Fed. App'x 890, 892 (9th Cir. 2017) (affirming *sua sponte* dismissal of claims raised against "all medical staff" at the county jail because the plaintiff failed to identify any of the individuals involved and the "specific conduct attributable to them."). Rather, Plaintiff simply lists these parties as Defendants in the caption of the Complaint and attributes the general "mismanagement" and unsanitary conditions of the SDCJ and the "unprofessional[ism]" and "incompeten[ce]" of the Sheriff's "staff" as a group. (*See* Doc. 1 at 4.) Critically, Plaintiff fails to point to any discrete or identifiable act of misconduct on any specific occasion involving any individual Defendant. *See Williams v. Cnty. of Los Angeles Dep't of Pub. Soc. Servs.*, Case No. CV 14-7625 JVS (JC), 2016 WL 8730914, at *5 (C.D. Cal. May 2, 2016), *report and recommendation adopted*, No. CV 14-7625 JVS (JC), 2016 WL 8737230 (C.D. Cal. May 20, 2016) ("Conclusory allegations that an indistinguishable group of defendants essentially engaged in identical misconduct . . . are insufficient to show that plaintiff is entitled to relief from any *individual* defendant."). Nor does Plaintiff allege facts sufficient to plausibly show how Defendants' alleged misconduct caused him constitutional injury or actual harm. *See Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

"[U]nadorned, the-defendant-unlawfully-harmed-me-accusation[s]," like those alleged in support of Plaintiff's conditions of confinement claims, without more, are insufficient to provide Defendants with adequate notice of the claims against them and must be dismissed. *See Iqbal*, 556 U.S. at 678 (noting a pleading that simply "offers labels and conclusions . . . will not do."). Thus, insofar as Plaintiff alleges broadly that he has

6

3:25-cv-1315-RBM-MSB

been subject to "inhumane living conditions" (*see* Doc. 1 at 4) but does not identify the individuals responsible or claim any actual harm as a result, he fails to state any plausible claims for relief under § 1983. *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants").

Plaintiff also fails to allege municipal liability against the County of San Diego and the Sheriff's Department, as well as individual liability against Sheriff Kelly Martinez. Supervisory officials, like Sheriff Kelly Martinez, may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *see Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff's § 1983 claims against such municipal and supervisory Defendants must also be dismissed.

The Court therefore finds Plaintiff fails to state a claim against the County of San Diego, the Sheriff's Department, or Sheriff Kelly Martinez. Accordingly, Plaintiff's conditions of confinement claims are **<u>DISMISSED</u>** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Iqbal*, 556 U.S. at 678; *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988) (stating the focus for § 1983 claims must be on the "individual defendant," and his or her individual "duties [and] discretion").

### D.    Legal Support Claims

Plaintiff alleges the OAC, its Director, an OAC legal support supervisor, and an OAC staff attorney violated his right to "due process" by "acting like a judge," "possibly tamper[ing] with legal mail," and/or failing to provide him with unspecified legal support services while housed in the SDCJ. (Doc. 1 at 2–3.) While he does not identify the nature of the criminal proceedings he presumedly had pending at the time, Plaintiff attaches exhibits referring to San Diego Superior Court Case No. SCD304569 (*see* Doc. 1-2, Ex. A; Doc. 1-5, Ex. B) and admits the OAC "was appointed as [his] legal runner." (Doc. 1 at

3.)  However, Plaintiff fails to allege facts to plausible suggest that any individual with the OAC acted on behalf of the state to deprive him of his constitutional rights.

"When attorneys act in the role of advocate, they do not act under color of state law for purposes of § 1983."  *Rodriguez v. Gore*, Case No.: 3:15-cv-02248-GPC-WVG, 2015 WL 9413136, at *4 (S.D. Cal. Dec. 22, 2015) (citations omitted); *see Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."); *see also Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding a public defender was not a state actor under § 1983 because a traditional role of an attorney for a client, no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").  Indeed, a court-appointed official's role in representing a client "is essentially a private function . . . for which state office and authority are not needed."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Georgia v. McCollum*, 505 U.S. 42, 53 (1992) ("[A] public defender is not amenable to administrative direction in the same sense as other employees of the State" and the State has a "constitutional obligation [to] respect the professional independence of the public defenders whom it engages.").  Even if the OAC is assisting Plaintiff in an "ancillary" capacity, Plaintiff's allegations do not support a reasonable inference that their actions were taken under the color of state law.  *See Dodson*, 454 U.S. at 317–18 ("[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see, e.g.*, *Rodriguez*, 2015 WL 9413136, at *4 (finding prisoner's § 1983 claims against OAC subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A because OAC attorneys appointed to assist during criminal proceedings in an "ancillary" capacity were not alleged to have acted "under color of state law.").

Thus, to the extent Defendants OAC, F. Michael Garcia, Jackie Braden, or William G. Trainor are alleged to have been "appointed … by the local courts" to either represent

Plaintiff or to provide ancillary legal support services for him during ongoing state criminal proceedings, Plaintiff's claims against such Defendants are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a viable § 1983 claim for relief.

### E.   Leave to Amend

Given Plaintiff's *pro se* status, the Court **GRANTS** him leave to amend his Complaint, as detailed below. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.   CONCLUSION

Based on the foregoing reasons, the Court **ORDERS** as follows:

1.   Plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED.**

2.   The Court **ORDERS** the Facility Commander of the San Diego Central Jail, his designee, and any correctional or detention agency later having custody, to garnish from Plaintiff's trust account the full $350 filing fee owed for this case, and to forward monthly payments to the Clerk of the Court in an amount equal to twenty percent (20%) of the preceding month's income each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.   The Clerk of the Court is **DIRECTED** to serve a copy of this Order on the Facility Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

4.   Plaintiff's Complaint is **DISMISSED** in its entirety without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

5.   The Court **GRANTS** Plaintiff leave to file an Amended Complaint **on or before March 9, 2026** which cures the deficiencies of pleading identified in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original

3:25-cv-1315-RBM-MSB

Complaint. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint **on or before March 9, 2026**, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

DATE:  February 19, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-1315-RBM-MSB